UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE M. WHITE, | ) | Case No.: 1: 14 CV 2681 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LORAIN COUNTY MRDD, *et al*., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

Plaintiff Jacqueline M. White filed this *pro se* action against various defendants, including a county family service agency, the "Lorain County MR/DD." She has filed an application to proceed *in forma pauperis*. (Doc. No. 2.) Her application to proceed *in forma pauperis* is granted, but her complaint is dismissed upon initial screening pursuant to 28 U.S.C. §1915(e)(2)(B).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action at any time under 28 U.S.C. §1915(e)(2)(B) if it is frivolous or malicious or fails to state a claim upon which relief can be granted. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S.

662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). The court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether the plaintiff's allegations present plausible claims. Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, the plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78.

A *pro se* litigant is not held to the same standard as a lawyer; however, she still must set forth factual allegations sufficient to give the defendant fair notice of her claims and the grounds on which they rest, and the court is not required to conjure up allegations on the plaintiff's behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

**Analysis**

Even under the most liberal construction, the plaintiff's complaint is simply insufficient to meet basic pleading requirements or state any plausible claim for relief. The sum total of plaintiff's allegations is simply a list of the following grievances: "discrimination based on age, race, and mental disability"; "denial of service"; "withholding of information/resources"; "failure to consistently comply with State of Ohio"; "terminating of services"; "medical neglect"; and "improper medical care." (*See* Doc. No. 1.) The plaintiff sets forth no supporting factual allegations or particulars whatsoever in support of these listed grievances. Not only is her complaint completely

devoid of factual allegations identifying the conduct or events she purports to challenge, it identifies no specific individuals involved in the purported challenged conduct; it does not explain how the entities named as defendants were involved; it sets forth no specific law or statute of any kind underlying her grievances; and it requests no specific relief of any nature from the Court. The plaintiff simply asserts in her complaint, after listing the above-stated grievances, "see attached documents." The documents attached to the plaintiff's complaint appear to pertain to an appeal she pursued of a decision by the Lorain County Department of Job and Family Services regarding her nephew, but they do not in any way on their face suggest any basis for the grievances the plaintiff lists. They do not in any way suggest the plaintiff was discriminated against for any reason, including age, race, or mental disability.

The conclusory sentence fragments set forth in the plaintiff's complaint are simply insufficient to raise a right to relief for unlawful discrimination, or any other conduct the plaintiff lists in her complaint, above the speculative level. Accordingly, the plaintiff has failed to assert a plausible claim upon which relief may be granted and the Court must dismiss her complaint.

## Conclusion

For the reasons stated above, the plaintiff's complaint in this matter is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 16, 2015